UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

DARREN FINDLING, as Personal Representative of the ESTATE OF AMY HOWES, DECEASED,

Plaintiff,

v.

RIETH-RILEY CONSTRUCTION CO., INC., a foreign corporation,

Defendant.

______________________________/

CASE NO. ______________________

Removed from 44th Circuit Court of Livingston County, Michigan

Livingston County Cause No. 2019-30228-NI

Jason A. Waechter, #P47651
Eric J. Liblang, #P27778
Law Offices of Jason A. Waechter
19080 West Ten Mile Road, 2nd Floor
Southfield, MI 48075
248-355-4701

Jessica W. Schnelker, #31566-49-IN
Eric A. Riegner, #P80346 (Eastern District of Michigan admission pending)
Frost Brown Todd LLC
201 North Illinois Street, Suite 1900
P.O. Box 44961
Indianapolis, IN 46244-0961
317-237-3800
eriegner@fbtlaw.com
jschnelker@fbtlaw.com

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. § 1332, 1441 and 1446, Defendant Rieth-Riley Construction Co., Inc. ("Rieth-Riley"), by counsel, hereby removes to this Court the above-captioned action, which was pending against it in the Circuit Court for the County of Livingston, State of Michigan. Removal is based on the following grounds:

1. On or about April 5, 2019, Plaintiff Darren Findling, as Personal Representative of the Estate of Amy Howes, Deceased, commenced this civil action against Rieth-Riley in the Circuit Court for the County of Livingston, State of Michigan, docketed as Cause No. 2019-30228-N1 (the "Lawsuit").

2. On or about April 29, 2019, Rieth-Riley was served by certified mail in Goshen, Indiana with a copy of the Summons and Complaint in the Lawsuit. A true and accurate copy of the Summons and Complaint are attached hereto within Exhibit A.

3. This Notice of Removal is being filed by Rieth-Riley within thirty (30) days after service of a copy of the Summons and Complaint and, therefore, is timely filed pursuant to 28 U.S.C. §144(b) and *Murphy Bros Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999).

4. The Court has jurisdiction over this case pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship among Plaintiff and Rieth-Riley, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. Plaintiff seeks to recover unspecified damages for the wrongful death of Amy Howes, including loss of love, society, companionship, and affection; loss of services; loss of financial support; loss of gifts and gratuities; loss of parental training and guidance; and funeral and burial expenses. The Complaint lists a surviving spouse, two children, a mother and father, and three surviving siblings. (Complaint, ¶ 17). The complaint also seeks recovery of damages suffered by decedent before her death, including pain and suffering, fright and shock, and mental anguish (Complaint, ¶ 18). Thus, the amount in controversy exceeds $75,000, exclusive of interest and costs.

6. Decedent Amy Howes was a resident of Livingston County, Michigan. (*See* Complaint, ¶ 1).

7. Defendant Rieth-Riley is an Indiana corporation with its principal of business in Indiana.

8. This Lawsuit is, therefore, a civil action over which this Court has original jurisdiction under 28 U.S.C. §§ 1441 and 1446. Further, removal to this judicial district and

division is proper under 28 U.S.C. §§ 1441(a), as this district and division embrace Livingston County, where the Lawsuit is pending.

9. This Notice is accompanied by copies of all process, pleadings, and orders served upon Rieth-Riley in this action, as attached under Exhibit A hereto.

10. Promptly after it is filed within this Court, Rieth-Riley will serve this notice upon Plaintiff and file a copy of this Notice with the Clerk of the Circuit Court for the County of Livingston.

WHEREFORE, Defendant Rieth-Riley Construction Co., Inc. respectfully removes this Lawsuit to this Court.

FROST BROWN TODD LLC

*/s/ Jessica W. Schnelker*
Jessica W. Schnelker, #31566-49-IN
Eric A. Riegner, #P80346 (Eastern District of Michigan admission pending)
*Attorneys for Defendant Rieth-Riley Construction Co., Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 24, 2019, the foregoing document was filed electronically. A copy was served by First-Class United States Mail, postage prepaid, upon the following parties:

Jason A. Waechter
Eric J. Liblang
Law Offices of Jason A. Waechter
19080 West Ten Mile Road, 2nd Floor
Southfield, MI 48075

*/s/ Jessica W. Schnelker*
Jessica W. Schnelker

FROST BROWN TODD LLC
201 North Illinois Street, Suite 1900
P.O. Box 44961
Indianapolis, IN 46244-0961
P: 317-237-3800
F: 317-237-3900
eriegner@fbtlaw.com
jschnelker@fbtlaw.com

0121319.0664843 4836-7809-1415v1

# EXHIBIT A



**Service of Process Transmittal**
04/29/2019
CT Log Number 535390327

**TO:** Rob Konopinski, Secretary/General Counsel
Rieth-Riley Construction Co., Inc.
3626 Elkhart Rd Dept Legal
Goshen, IN 46526-5815

**RE:** **Process Served in Michigan**

**FOR:** RIETH-RILEY CONSTRUCTION CO., INC. (Domestic State: IN)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Darren Findling, as Personal Representative of the Estate of Amy Howes, Deceased, Pltf. vs. Rieth-Riley Construction Co., Inc., Dft. |
| **DOCUMENT(S) SERVED:** | Summons, Proof, Complaint, Attachments |
| **COURT/AGENCY:** | Livingston County - 44th Circuit Court, MI<br>Case # 201930228NI |
| **NATURE OF ACTION:** | Wrongful Death - Vehicle Collision - On or about 08/01/2018 |
| **ON WHOM PROCESS WAS SERVED:** | The Corporation Company, Plymouth, MI |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 04/29/2019 postmarked on 04/25/2019 |
| **JURISDICTION SERVED :** | Michigan |
| **APPEARANCE OR ANSWER DUE:** | Within 28 after receiving this summons and a copy of the complaint |
| **ATTORNEY(S) / SENDER(S):** | Jason A. Waechter<br>Law Offices of Jason A. Waechter<br>19080 W. Ten Mile Road<br>Southfield, MI 48075<br>248-355-4701 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 04/30/2019, Expected Purge Date: 05/05/2019<br><br>Image SOP<br><br>Email Notification, Rob Konopinski rkonopinski@rieth-riley.com<br><br>Email Notification, Paula Frizsell pkfrizsell@rieth-riley.com<br><br>Email Notification, Christina Bonham cbonham@rieth-riley.com |
| **SIGNED:** | The Corporation Company |
| **ADDRESS:** | 40600 ANN ARBOR RD E STE 201<br>Plymouth, MI 48170-4675 |
| **TELEPHONE:** | 213-337-4615 |



Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

Approved, SCAO

Original - Court
1st copy - Defendant

2nd copy - Plaintiff
3rd copy - Return

| STATE OF MICHIGAN<br>44th [Livingston] JUDICIAL DISTRICT<br>JUDICIAL CIRCUIT<br>COUNTY PROBATE | SUMMONS | CASE NO.<br>2019- 30228NI |
|---|---|---|

Court address

Court telephone no.

| Plaintiff's name(s), address(es), and telephone no(s). | | Defendant's name(s), address(es), and telephone no(s). |
|---|---|---|
| Darren Findling, as Personal Representative of the Estate of Amy Howes, Deceased<br>c/o Law Offices of Jason A. Waechter | v | Rieth-Riley Construction Co., Inc.<br>c/o The Corporation Company<br>40600 An Arbor Rd. E, Ste 201<br>Plymouth, MI 48170 |
| Plaintiff's attorney, bar no., address, and telephone no.<br>Law Offices of Jason A. Waechter PH: 248-355-4701<br>JASON A. WAECHTER (P47651) Fax: 248-281-0006<br>ERIC J. LIBLANG (P27778)<br>19080 W. Ten Mile Rd.,<br>Southfield, MI 48075 | | JUDGE GEDDIS<br>P-35307 |

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**

☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. Attached is a completed case inventory (form MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.

☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in ☐ this court, ☐ ______________________ Court, where it was given case number ______________ and assigned to Judge ______________.

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk.

**SUMMONS**

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:

1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date 2/12/19 | Expiration date* 7/12/19 | Court clerk [signature] | ELIZABETH HUNDLEY<br>CLERK OF THE CIRCUIT COURT<br>HOWELL, MICHIGAN 48843 |
|---|---|---|---|

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

**SUMMONS**
Case No. 2019- - NI

**PROOF OF SERVICE**

TO PROCESS SERVER: You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

**CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE**

☐ **OFFICER CERTIFICATE**
I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that: (notarization not required)

OR

☐ **AFFIDAVIT OF PROCESS SERVER**
Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that: (notarization required)

☐ I served personally a copy of the summons and complaint.
☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint, together with ______________________________
List all documents served with the summons and complaint

______________________________

______________________________ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| Rieth-Riley Construction Co., Inc. | | |
| | | |
| | | |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |
| | | |

I declare under the penalties of perjury that this proof of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee | Miles traveled | Fee | |
|---|---|---|---|
| $ | | $ | |
| Incorrect address fee | Miles traveled | Fee | TOTAL FEE |
| $ | | $ | $ |

______________________________
Signature

______________________________
Name (type or print)

______________________________
Title

Subscribed and sworn to before me on ______________ (Date), ______________ County, Michigan.

My commission expires: ______________ (Date) Signature: ______________ (Deputy court clerk/Notary public)

Notary public, State of Michigan, County of ______________

**ACKNOWLEDGMENT OF SERVICE**

I acknowledge that I have received service of the summons and complaint, together with ______________ (Attachments)

______________ on ______________ (Day, date, time)

______________ (Signature) on behalf of ______________.

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF LIVINGSTON

**DARREN FINDLING, as Personal Representative Of the ESTATE OF AMY HOWES, DECEASED,**

Plaintiff,

v.

Case No: 2019- 30228 NI
Hon.

**RIETH-RILEY CONSTRUCTION CO., INC.,**
A foreign corporation,

Defendant.

JUDGE GEDDIS
P-35307

**Law Offices of Jason A. Waechter**
**JASON A. WAECHTER (P47651)**
**ERIC J. LIBLANG (P27778)**
Attorneys for Plaintiff
19080 W. Ten Mile Road
Southfield, MI 48075
(248) 355-4701 / Fax: 248-281-0006
jason@lawyerforlife.com;

TRUE COPY
44TH Circuit Court
County Clerk's Office

LAW OFFICES OF JASON A. WAECHTER
19080 W. TEN MILE ROAD, SOUTHFIELD, MI 48075
TELEPHONE 248.355.4701 • FACSIMILE 248.281.0006



There is no other civil action arising out of the same transaction or occurrence as alleged in this Complaint nor has any such action been commenced and dismissed after having been assigned to a judge.

## COMPLAINT

NOW COMES the Plaintiff, **DARREN FINDLING, as Personal Representative of the ESTATE OF AMY HOWES, DECEASED**, by and through his attorneys, Law Offices of Jason A. Waechter, and for their Complaint, state as follows:

## GENERAL ALLEGATIONS

1. That Plaintiff Darren Findling, is the duly appointed Personal representative of the Estate of Decedent, **Amy Howes,** who was a resident of the Township of Hartland, County of Livingston, ~~State of Michigan,~~ for the purpose of pursing this claim on behalf of the Estate under the Wrongful Death Act, MCL 600.2922 and MCL 600.2921.

2. That the Defendant, **RIETH-RILEY CONSTRUCTION CO., INC.,** is a foreign

corporation, having its principal place of business in the State of Indiana, and at all times herein, doing business as a general contractor in the County of Livingston, State of Michigan.

3. Upon information and belief, Defendant, **RIETH-RILEY CONSTRUCTION CO., INC.**, had entered into a contract with Michigan Department of Transportation to perform work on or about August 1, 2018, on the acceleration ramp from M-59 (Highland Road) onto westbound I-96, located within the City of Howell, County of Livingston, State of Michigan.

4. That the amount in controversy exceeds $25,000.00, exclusive of interest and costs, and is otherwise within the jurisdiction of this Honorable Court.

**NEGLIGENCE**

5. On or about August 1, 2018, Defendant, by its agents, servants and/or employees, were in the process of performing work for improvements and maintenance to the acceleration ramp from M-59 onto eastbound I-96, in Livingston County, State of Michigan.

6. On or about August 1, 2018, prior to 3:30 p.m., during the course of improvements and/or maintenance to the acceleration ramp, Defendants, by their agents, servants and/or employees, in the process of laying new asphalt, created a large lip (significant edge drop-off) between the old pavement of the acceleration ramp and the new asphalt onto the freeway, thereby leaving the entrance in a hazardous and unsafe state of disrepair while it remained open to public use.

7. During the course of said construction and maintenance of the acceleration ramp to I-96 from M-59 on August 1, 2018, Defendants, by their agents, servants and/or employees, allowed the entrance to remain open to public access and travel and did not close the acceleration ramp during course of constructions and maintenance.

8. On August 1, 2018, prior to 3:30 p.m., Defendants, by their agents, servants and/or employees, failed to place proper signage warning of the dangerous condition created by the rise in the asphalt from the acceleration lane to the freeway.

LAW OFFICES OF JASON A. WAECHTER
19080 W. TEN MILE ROAD, SOUTHFIELD, MI 48075
TELEPHONE 248.355.4701 • FACSIMILE 248.281.0006



9. On August 1, 2018, at approximately 3:30 p.m., Decedent Amy Howes was a passenger on her husband's, Bryan Howes, motorcycle, a 1994 Honda GL1500 (Goldwing), which is a touring type motorcycle.

10. On said date, Decedent and her husband were travelling on their motorcycle along the acceleration ramp from M-59 onto eastbound I-96, when Decedent's husband hit the uneven asphalt where the acceleration lane and right-hand lane of the freeway come together, causing Decedent's husband to lose control of the motorcycle and crash.

11. That as a result of said crash, Decedent and her husband were both ejected from the motorcycle and Plaintiff's Decedent did suffer mortal injuries, pain and suffering, fear and shock and other recoverable damages, resulting in wrongful death.

12. On August 1, 2018, Defendants, by their agents, servants and/or employees, knew or should have known that the rise in the uneven pavement (edge drop-off) and the lack of warning was likely to cause harm to the traveling public, and, in fact, did cause harm to Plaintiff's Decedent.

13. At all times herein, Defendant owed a statutory duty, through its contract with MDOT, to the public and to Plaintiff's Decedent in particular, to repair and maintain roadways in a condition of reasonable repair, reasonably safe, and convenient for public travel.

14. Defendant, by its agents, servants and/or employees, was negligent and breached its duty to maintain the acceleration ramp from M-59 onto eastbound I-96, violated its duties and was further negligent in the following manner:

(a) That on or about August 1, 2018, said construction site of Defendant Reith-Riley Construction Co. was improperly marked with incorrectly/improperly placed signage to warn the public of the road edge drop-off, resulting in confusion and hazardous driving conditions for persons driving through said construction site;

(b) That Defendant failed to take any measures to remedy the situation, thereby causing and/or contributing to the aforementioned fatal motorcycle crash;

(c) That at the time, place and location mentioned, it was the duty of the Defendant to exercise reasonable care and caution in the

LAW OFFICES OF JASON A. WAECHTER
19080 W. TEN MILE ROAD, SOUTHFIELD, MI 48075
TELEPHONE 248.355.4701 • FACSIMILE 248.281.0006





maintenance and management of said construction site, and to keep the same in a reasonably safe condition for the Decedent, Amy Howes, and other persons lawfully passing through said construction site, upon the roadways, in accordance with the laws of the State of Michigan, the Rules of Michigan Common Law and the Statutes of the City of Howell, Michigan.

(d) That the Defendant, through its employees, agents and servants, knew or should have known of the dangerous condition then and there existing in and about the construction site;

(e) That Defendant knew or should have known that the dangerous condition which existed on or about the construction site would cause injury to Decedent and other persons lawfully upon said open roadway;

(f) That Defendant negligently and carelessly failed to, or failed to properly, erect and maintain signs, barricades or other warning devices within its construction site to protect the Decedent and others from the dangerous condition;

(g) That Defendant violated City Ordinances or other laws including, but not limited to, keeping said construction zone in a reasonable repair, fixing defects and warning of defects and hazards;

(h) That due to the improperly/incorrectly placed and/or missing signage at the construction site, this condition amounted to a special aspect giving rise to a uniquely high likelihood of harm;

(i) In the course of maintaining or attempting to improve the roadway, Defendant negligently allowed the roadway to become defective and/or hazardous;

(j) During the course of maintaining the roadway, left or allowed an unreasonable and substandard condition of the roadway in a manner that was likely to cause harm to the traveling public and, in fact, did cause harm to Decedent in particular;

(k) Defendant failed to erect barriers that would have closed the acceleration ramp from M-59 onto eastbound I-96 to the traveling public during the course of construction and maintenance, when it knew or should have known that said failure was likely to cause harm to the traveling public and, in fact, did cause harm to Decedent;

(l) While retaining control over the construction work, was negligent in its inspection and job supervision;

(m) It breached its duty to act with reasonable care in failing to follow the applicable policies, procedures, and guidelines set forth in The Michigan Department of Construction Manual and the 2012 Standard

Law Offices of Jason A. Waechter
19080 W. Ten Mile Road, Southfield, MI 48075
Telephone 248.355.4701 • Facsimile 248.281.0006



Specifications for Construction, and other ordinances, statutes, policies, and standards set forth in applicable road construction regulations and manuals;

(n) Defendant failed to use best practices for alleged hazard(s) and specifically related to road edge drop-off;

(o) Defendant was negligent in using inadequate equipment;

(p) Defendant failed to provide adequate supervision and job inspection;

(q) Defendant was negligent in failing to properly plan and sequence the work;

(r) Defendant was negligent in failing to provide a sufficient workforce for the work undertaken;

(s) Defendant was negligent in hiring subcontractors, that were not competent to properly perform the work for which they were subcontracted;

(t) Allowing a significant roadway edge drop-off to then and there existing;

(u) Creating a significant roadway edge drop-off;

(v) Creating a roadway drop-off edge of 90 degrees;

(w) Failing to put in or apply an apron, ramping, or graduated surface or any reduced degree of edge drop-off at the subject hazard that was a cause of the crash;

(x) As well as other negligent acts and/or omissions.

15. As a direct and proximate result of Defendant's negligent acts and/or omissions on or about August 1, 2018, alleged above, by and through their agents, servants and/or employees, Decedent's husband lost control of his motorcycle during the course of construction and maintenance, resulting in Decedent being ejected from the motorcycle and causing death.

16. As a direct and proximate result of Defendant's negligence and the resulting fatal injuries suffered by Decedent, Decedent's Estate or family members have expended sums of money for funeral and burial expenses. Funeral and burial expenses are claimed as damages in this lawsuit.

LAW OFFICES OF JASON A. WAECHTER
19080 W. TEN MILE ROAD, SOUTHFIELD, MI 48075
TELEPHONE 248.355.4701 • FACSIMILE 248.281.0006



LAW OFFICES OF JASON A. WAECHTER
19080 W. TEN MILE ROAD, SOUTHFIELD, MI 48075
TELEPHONE 248.355.4701 • FACSIMILE 248.281.0006

17. That as a result of the negligence of the Defendant and/or its agents, servants and employees, which proximately caused the Decedent's death, the Decedent's surviving next-of-kin, including but not limited to the Decedent's husband, Bryan Howes, the Decedent's natural children, Timothy Howes and Hailey Howes, mother, Donna Abraham, father, Charlie Siekierzynski, the Decedent's siblings, Steven Siekierzynski, Connie Carrol and Michael Siekierzynski, are entitled to all applicable wrongful death damages they have suffered and will in the future suffer, including, but not limited to, deprivation of Deceased's:

(a) Love, society, companionship and affection;

(b) Services;

(c) Financial support;

(d) Gifts or other valuable gratuities,

(e) Parental training and guidance

18. As a direct and proximate result of the negligence of Defendant and/or its agents, servants and employees, Plaintiff prays, claims and is entitled to:

(a) Pain and suffering;

(b) Fright and shock

(c) Mental anguish suffered by decedent.

WHEREFORE, Plaintiff's Estate prays for Judgment in her favor, against Defendant, in an amount determined by the trier of fact to fairly, adequately and fully compensate Decedent's Estate for her injuries and damages, together with interest, costs, and attorney fees.

LAW OFFICES OF JASON A. WAECHTER

BY: JASON A. WAECHTER (P47651)
ERIC J. LIBLANG (P27778)
Attorneys for Plaintiff
19080 W. Ten Mile Rd, 2nd Floor
Southfield, MI 48075
(248) 355-4701 / Fax: 248-281-0006

DATED: April 5, 2019

STATEOFMICHIGAN

IN THE 44TH CIRCUIT COURT FOR THE COUNTY OF LIVINGSTON

**CIVIL SCHEDULING & TRIAL ORDER**

JUDGE L. SUZANNE GEDDIS

*********************************************

Darren Findling, PR of Estate of Amy Howes, Deceased
Plaintiff,

v

Case No. 19-30228-NI

Rieth-Riley Construction Co.

Defendant.

FILED LIVINGSTON COUNTY CLERK 2019 APR 12 AM 10:56

______________________________/

**PLEASE TAKE NOTICE OF THE FOLLOWING REQUIREMENTS OF THE COURT:**

Attorneys and parties SHALL ATTEND ALL SCHEDULED COURT DATES.

Status Conference: ✓ October 1, 2019 3:00pm

Discovery Terminates: ✓ February 7, 2020

Case Evaluation: ✓ February 26, 2020
*Note: The time for case evaluation will be set by the ADR clerk. You will receive a separate notice from the ADR clerk with exact time of scheduled case evaluation. The parties may stipulate to a "Special Panel" MCR 2.404 C(3) by Order submitted to the Court prior to the close of discovery.*

Final Pretrial: ✓ April 10, 2020 @8:30 am.

Bench/Jury Trial: ✓ April 13, 2020 at 8:30 am.

***You will receive no other notices of scheduled dates.***

**PLAINTIFF/THIRD PARTY PLAINTIFF SHALL SERVE A COPY OF THIS ORDER upon each Defendant/Third Party Defendant in the case in the same manner as, and at the same time as, the service of the Summons and Complaint/Third Party Complaint. Proof of Service shall be filed with the Clerk of the Court. All persons receiving this notice shall immediately notify all other parties that they have received a copy of this order.**

**ATTORNEYS AND/OR PRO PER PARTIES SHALL ATTEND ALL DATES** scheduled by this Court. Furthermore, all parties and the trial attorneys must attend the final pretrial and trial unless they are excused by the Court in advance. The attorney attending the final pretrial must be the trial attorney unless the Court has excused the trial attorney's absence in advance. Additionally, representatives of insurance carriers involved in the case shall attend the final pretrial and trial. The insurance company representative attending the final pretrial must have authority to settle the case. FAILURE TO APPEAR AT ANY COURT SCHEDULED DATE MAY RESULT IN SANCTIONS ALLOWED UNDER THE COURT RULES, INCLUDING DEFAULT OR DISMISSAL.

**STATUS CONFERENCE:** THE FOLLOWING DOCUMENTS ARE DUE NO LATER THAN THE SCHEDULED STATUS CONFERENCE. Only attorneys and parties proceeding in pro per are required to attend the status conference. The forms referenced below may be obtained from the county website at: **https://www.livgov.com/courts/circuit/clerk/Pages/forms.aspx**. For those without internet access, the forms may also be obtained by calling the Court at (517) 548-1120.

- **Order for Mediation:** Mediation under MCR 2.411 is ordered for all civil cases. The parties shall confer prior to the status conference as to the selection of a mediator. In absence of agreement, a mediator will be selected by the Court pursuant to MCR 2.411(B)(3). Mediation must be completed prior to case evaluation. Failure to complete mediation may result in sanctions allowed under the court rules.

- **Witness Lists, Exhibit List and Pretrial Statements:** on forms similar to those provided on the county website. (Original and Judge's Copy shall be provided.)

- **Stipulation that no other parties are to be added.**

Attendance may be waived if **ALL of the above documents** are filed by **ALL parties** with the Clerk of the Court **10 days prior to the scheduled status conference date**. It is the party's responsibility to confer with the Court to ensure attendance requirement has been waived.

**MOTIONS:** All motions shall be scheduled for a regular motion day. An original and Judge's Copy are required for all motions. All motions, including motions in limine, shall be filed and argued no later than 30 days before the scheduled trial date, unless for good cause shown to the satisfaction of the Court.

**Praecipes** are required to file a motion before the Court. Appropriate forms are available at the county website. Please read the Praecipe carefully for instructions and follow the appropriate Court Rules for filing motions.

**Adjournment** of all matters shall comply with MCR 2.503. Motions for adjournment must be requested through the Judge's office with opposing party knowledge. Only the moving party shall request the adjournment. A **re-notice** of hearing and a **re-praecipe** are required for motions.

Motions to **add parties** must be filed and argued no later than 180 days after service of this order; delay of trial will be a factor when considering if such a motion should be granted.

All **dispositive motions** must be filed and argued before case evaluation. Each motion, brief, and any response to such motion shall be submitted in Word format ONLY and emailed to JudgeGeddisMotions@livgov.com at the same time that the original and Judge's Copy are submitted to the Clerk of the Court. Exhibits for summary disposition motions must be included in digital submissions. Exhibits should be in .pdf or .jpg format. Electronic submission of a proposed judgment supported by findings of fact in the party's favor is required with each summary disposition motion and/or response.

**TRIAL EXHIBITS:** Each party shall exchange all proposed exhibits with all other parties no later than 10 days before trial. Each party shall provide a bench copy of all proposed exhibits with index to the Judge's Chambers on the Monday before the final pretrial. The parties shall confer on the admissibility of each exhibit before the final pretrial. Each exhibit must be marked at the final pretrial. If an exhibit contains multiple pages, each individual page

must be identified and marked (e.g. Exhibit A, page 1-100 or Exhibit 1, page 1-500). An **index** on a form similar to that contained on the above website, together with an **indexed final bench copy** of the exhibits shall be left with the Judge's Chambers at the time of the final pretrial conference. If an exhibit cannot be conveniently copied, it should still be included on the index. **Plaintiff's exhibits are to be identified with numbers and Defendant's exhibits with letters.** Disputed exhibits shall be ruled upon at final pretrial. No further exhibits shall be admitted at trial, except for good cause shown. Each party's exhibit package shall include an original (for witness), a bench copy (for Judge), a copy for opposing party(ies), and a copy for *each* juror.

**VOIR DIRE** requests shall be submitted in writing and by Word format before the close of the final pretrial conference. The Court will conduct the jury voir dire.

**PROPOSED JURY INSTRUCTIONS:** Preliminary and final jury instructions and a proposed verdict form shall be submitted to the Judge's Chambers no later than the day before the final pretrial in hard copy and in Word format ONLY (.pdf format is not acceptable). Preliminary instructions shall begin with Chapter 2 standard instructions. An original, bench copy, and copy for each juror shall be provided. The Court allows the taking of notes, but not questions by jurors.

Instructions shall be full text, double spaced, one sided, one instruction per page, with no firm names or case caption. Each instruction shall be complete for the specific case and ready for presentation to the jury in compliance with MCR 2.512(A), MCR2.513(A), and MCR 2.513(N)(3). Attorneys **shall confer** 10 days before trial in an attempt to agree on one set of standard instructions. Disputed instructions shall be noted as such. Additional instructions may be submitted if factual development requires the same.

**IN NON-JURY CASES:** The parties shall submit to the Judge's Chambers the day before the final pretrial the following, in both hard copy and in Word format ONLY: 1) proposed **statement of facts** to be used by the Court in deciding factual disputes, with reference to the witness from whom the testimony will come; 2) a proposed **final order.**

**COURTROOM TECHNOLOGY:** All courtroom technology to be used for trial, including party-supplied technology, shall be field tested in the courtroom no later than the date of the final pretrial. Arrangements for testing shall be made with the Judge's staff prior to the date of the final pretrial. **See MRE 403 ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by . . . considerations of undue delay, waste of time, or needless presentation of cumulative evidence.")**

**OPENING STATEMENTS AND CLOSING ARGUMENTS:** Unless otherwise ordered by the Court, each party's opening statement will be limited to 30 minutes. If parties' interests are essentially identical, they will have a total of 30 minutes for an opening statement. Unless otherwise ordered by the Court, closing arguments for each party shall not exceed 45 minutes. Parties whose interests are essentially identical will have a total of 45 minutes. The Plaintiff may have an additional 10 minutes for any rebuttal.

**IT IS SO ORDERED.**

4/12/19
Date

S. Geddis
Hon. L. Suzanne Geddis (P35307)
Circuit Court Judge

I certify that a copy of this Scheduling Order was provided to the Plaintiff/Third Party Plaintiff on April 12, 2019, by ☒ Mail ☐ Personally ☐ Attorney Mailbox or ☐ Other.

Livingston County Clerk / Assignment Clerk

Rev 2019-01